STATE OF MISSOURI, EX REL. T. PROUHET, *v.* ROBERT C.
          SCHNECKO, Respondent.

11   165
d172s¹382

### November 22, 1881.

1. *Mandamus* will lie to compel a collector of revenue to give a tax-payer
   any credit upon his tax-bills to which he is entitled.
2. One who paid subdistrict school taxes for 1873, against real estate within the
   extended limits of the city of St. Louis as defined by the act of March
   30, 1872, is entitled to have a credit of the sum thus paid made upon any
   subsequent tax-bill against the same property for school purposes, not-
   withstanding any changes that may have been made in the school districts.

APPLICATION for *mandamus.*
*Writ granted.*
M. E. F. POLLOCK, for the relator.
JOHN W. MCELHINNEY, for the respondent.

BAKEWELL, J., delivered the opinion of the court.
This is an application for a writ directed to respondent,
as sheriff and *ex-officio* collector of St. Louis County, com-
manding him to credit with the amount of  subdistrict
school tax paid on the same property for 1873, a bill for
school taxes for 1881, in his hands as collector.   The facts
sufficiently appear from the allegations in the alternative
writ and the return.   Plaintiff's relator, by demurrer,
raises the question whether, on the facts thus presented, re-
lator is entitled to the relief asked.
Relator, on November 4, 1873, paid a subdistrict school
tax for the year 1873, amounting to $17.07, assessed against
his property within the extended limits of the city of St.
Louis as defined by the act of March 30, 1872; he like-
wise, afterwards, paid a school tax assessed against the

same property under section 6 of that act. Respondent, as collector of St. Louis County, holds a tax-bill against the same property of relator for school purposes for 1881, to the amount of $25.59. On November 3, 1881, relator presented to respondent the collector's receipt for this subdistrict tax in the extended limits for the year 1873, which had been paid by relator, and tendered the balance due on the bill for 1881, and respondent refused to allow any credit upon the tax-bill of 1881 for these taxes of 1873.

The city limits were, in 1870, extended to a line six hundred and sixty feet west of Grand Avenue. Acts 1870, p. 478. The Park Districts were established in 1872 (Adj. Sess. Acts 1871, p. 255); and, in the same year, the city limits were extended to include these parts. Adj. Sess. Acts 1871, p. 462. By act of February 4, 1874, the act of March 30, 1872, extending the city limits, was repealed. Adj. Sess. Acts 1874, p. 390. The object of the act is to restore matters to the condition in which they were before the extension of the city limits, and to adjust taxes and expenditures so as to avoid any wrong to taxpayers from the repeal. Accordingly, section 2 remits all taxes for 1873, on property in the new limits, except state and county taxes. Both a city school tax and subdistrict school taxes had been levied in the new limits. The collector is to strike out all such city school tax from his bills, by section 2; and section 10 provides that, "whenever any person has heretofore paid any sum or sums assessed as subdistrict school taxes for the year 1873, against property within the extended limits of said city as defined by said act of March 30, 1872, it shall be the duty of the collector of said county, upon presentation of the collector's receipt for said sums, to give credit therefor upon any tax-bill that he may thereafter hold assessed against said property for school purposes, except such as may be assessed in pursuance of section 6 of this act; and he shall

indorse on said receipt, for the subdistrict school taxes of 1873, the credit so given.

The payment in question does not fall within the exception, which is of assessments for building and repairing school houses and purchasing school lots. It would appear, then, that the case of relator is precisely that contemplated by the law.

No question is raised as to the validity of any of the provisions of the act under construction. Counsel for relator admits that the legislature had power to create and change the school districts and subdistricts, and to dispose of their revenue; and to impose a burden on one district and a benefit on another, making one district pay for what the other had received. 1 Dill. on Mun. Corp., sect. 186. But it is said that the effect of the law at the time it was passed was that the subdistrict which received the tax should pay it back; and because this was then the effect of the law, this, it is said, must have been the meaning of the act and the intention of the legislature. Since the date of the passage of the act, changes have been made which render it impossible to carry out such intention, and the effect of a credit by the collector will now be to take from District 10 taxes levied for its current needs, to repay to relator what he should have received from District 6. It appears from the return, that District 6 has been severed by a county line; the part left in the county is now attached to District 2, part of which has been united to other territory to form District 10, in which this property, formerly in District 6, is now situated. A large part of District 10 was never in District 6, or within the extended city limits; and there is now no District 6, its territory being divided between districts 2 and 10. These changes were effected by the adoption of the Scheme and Charter, in October, 1876, and by subsequent legislation.

We do not see how the rights and liabilities of the several subdistricts can affect the question. There may perhaps

be some equitable remedy, and some method of readjusting such matters. But the right of relator to have this credit upon his tax-bill is clearly given, and cannot be taken away by changes or destruction of the *quasi*-municipal corporations administering the school fund. It is said that relator had three years' time before any changes were made within which to demand this credit; but the act does not impose any obligation of demanding the credit within a reasonable time, or any determinate time.

The law seems to impose a duty upon the collector of crediting the collector's receipt for the subdistrict taxes of 1873, upon any tax-bill that the collector may, at any time thereafter, hold assessed against the same property for school purposes, except where the taxes for 1873 were for school houses or lots.

We think the relator is entitled to the relief he asks. The demurrer to the return is sustained, and the peremptory writ will issue. Judge THOMPSON concurs; Judge LEWIS is absent.